<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIRIAM ACEVEDO, : <br> : <br> Plaintiff, : <br> :     Civil Action No. 11-6991 (SRC) <br> v. : <br> :     OPINION <br> COMPREHENSIVE BEHAVIORAL : <br> HEALTHCARE and DAWN CERRUTEO, : <br> : <br> Defendants : <br> : | |

**<u>CHESLER</u>**, District Judge

    This matter comes before the Court on the application of <u>pro se</u> Plaintiff Miriam Acevedo ("Plaintiff") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. The Court will direct the Clerk to file her Complaint.

    The Court bears an obligation, in all actions commenced under 28 U.S.C. § 1915, to review the complaint and dismiss a case if it determines that the action cannot or should not proceed on the merits. 28 U.S.C. § 1915(e)(2). Additionally, in all federal actions, the Court has an independent obligation to satisfy itself that it has subject matter jurisdiction. <u>Meritcare Inc. v. St. Paul Mercury Ins. Co.</u>, 166 F.3d 214, 217 (3d Cir. 1999), <u>overruled on other grounds by</u> <u>Exxon Mobil Corp. v. Allapattah Svcs., Inc.</u>, 545 U.S. 546 (2005); <u>Carlsberg Resources Corp. v. Cambria Sav. & Loan Ass'n</u>, 554 F.2d 1254, 1256-57 (3d Cir. 1977). Plaintiff does not indicate

what source of subject matter jurisdiction she is invoking.  For the reasons set forth below, the Court cannot discern any basis for federal jurisdiction from its own review of the Complaint.

The Complaint before the Court alleges that Plaintiff, who resides in Fairview, New Jersey, had for many years received psychiatric treatment for a variety of mental illnesses from Defendant Comprehensive Behavioral Healthcare, Inc., located in Hackensack, New Jersey.  It further alleges that her caseworker, Defendant Dawn Cerruteo, wrote her a letter on August 17, 2009 noting that Plaintiff had not been in touch with her for some time, informing that further treatment would require review of Plaintiff's treatment plan and advising that Plaintiff's failure to contact the office by August 24, 2009 regarding her wish to proceed with treatment would result in the closing of her case.  When Plaintiff contacted Comprehensive Behavioral Healthcare on December 12, 2009 to obtain a prescription refill, she alleges that she was denied medication because her case had been closed.  Based on these allegations, Plaintiff claims that Defendants willfully, recklessly and maliciously put her life in danger, as they denied her treatment and medication knowing that she is suicidal.  She asserts the following claims for relief: "breach of fiduciary duty, duty to threat, denying patient rights, willful endangerment [and] intentional infliction of emotional distress."

Federal courts are of limited jurisdiction and can only entertain a case if Congress has granted the federal courts jurisdiction to hear it.  Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 103-04 (3d Cir. 2011) (Garth, J., dissenting).  Plaintiff asserts no federal cause of action.  See 28 U.S.C. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Moreover, it appears that there is no diversity jurisdiction, given that both Plaintiff's residence and

Defendant's place of business are in New Jersey.  See 28 U.S.C. § 1332(a)(1) (providing that district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants).  Other statutory bases for subject matter jurisdiction appear to be wholly inapplicable.

If it appears that the Court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3); In re Orthopedic Bone Screw Products Liability Litig., 132 F.3d 152, 155-56 (3d Cir. 1997).  As the Complaint sets forth no basis for federal jurisdiction, the Court will dismiss the instant action.  An appropriate form of Order will be filed.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: January 6, 2012